CORNELIUS N. ABELL et al. v. D. A. DUPARCY et al.

Sale of Land by Commissioner — Advertisement.

     The failure of a commissioner to advertise the terms of a sale as required by the judgment is error.

APPEAL FROM ADAIR CIRCUIT COURT.

June 8, 1866.

OPINION OF THE COURT BY JUDGE PETERS:

In a proceeding in the court below by Duparcy against appellants, to enforce a lien on their adjoining tract of land, for the unpaid purchase price, a sale was ordered to be made on the premises, " on a credit of *nine months,* at public auction, after the

time, terms and place of sale, being advertised for fifteen days at the courthouse door in Columbia, and at three other public places in Adair county, one of which to be on the land to be sold," etc.

A report was made by the commissioner, in which he states that he proceeded to sell the land on the premises on the 23d day of December, 1863, and more having been bid for it than the debt, with interest and cost, he then offered to sell to whoever " would pay the debt for the least number of acres," the land sold to be taken off of the " northeast corner of the tracts, taking the tracts in a body, and Cornelius N. Abell agreed to pay said debt, etc., for —— acres less than the whole amount of said land," but he failed to execute bond as required by the judgment, and the commissioner on the same day proceeded to sell the land again, and Joseph M. Young, being the highest bidder, became the purchaser at the price of $1,749, and executed bond as required by the judgment. He further reports that " the land was advertised as directed by the judgment except the credit required to be given, which through mistake was advertised for *six months* instead of *nine months* as the judgment required."

Appellants, upon the filing of said report, opposed its confirmation and moved to quash the sale, and asked upon an affidavit of Samuel Abell to continue the motion to set aside the sale, on account of the absence of witnesses by whom he could prove the land was sold for less than its value; the names of the witnesses are given, and it is stated in the affidavit that they have been summoned to attend the court on that day to give evidence on the trial of said motion, and the affiant further stated that Hendrickson, one of the witnesses summoned, and who was absent, had stated to him the land was worth $3,000, and he would give that amount for it; that he believed Hendrickson would give $3,000 for the land, and he was able to do so.

The motion for a continuance was overruled, the sale confirmed, and Abell and wife have appealed.

It clearly appears from the report of the commissioner that early in the bidding more was bid for the land than was sufficient to pay the principal, interest, and cost; by whom that bid was made does not appear; then C. N. Abell's bid was to pay the sum to be raised, for a less number of acres than the whole, but failing to execute the requisite bond, the land was again put up; these facts, together with the statement of Samuel Abell, as to what

Hendrickson would give for the land, conduce strongly to show that the land was sold for much less than its fair value. And it is furthermore shown by the report of the commissioner that he did not advertise the sale as required, and the law was not complied with in that particular. This failure of the commissioner to advertise the terms of the sale, as he was required by the judgment, may have prevented bidders from attending the sale and caused the land to sell for much less than it would have done if the credit had been advertised as prescribed.

He was the mere ministerial agent of the court, the judgment was his authority, and it was his duty strictly to obey it; if he had the power to advertise the sale on terms different from those prescribed in the judgment, he would by a like mode of reasoning have the power to dispense with a notice, or advertisement of sale, altogether. Sales made under such circumstances should not be sanctioned and confirmed.

Whether *a* sale of the land will pass to the purchaser the engine, fixtures, etc., for the steam distillery on the same is a question not now properly before us, and we will not express any opinion on it.

But for the reasons herein stated, the judgment is reversed, and the cause remanded, with instructions to sustain the exceptions to the report of the commissioner, and set aside the sale of the land.